USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/2/07

Proposed Joint Scheduling Order reflecting agreements between the parties prior to the defendant's decision to request a stay and transfer (submitted by Teva; sent to Mylan on July 30, 2007)

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEVA PHARMACEUTICAL INDUSTRIES LTD. and TEVA PHARMACEUTICALS USA, INC., <br><br> Plaintiffs <br><br> v. <br><br> MYLAN PHARMACEUTICALS, INC., <br><br> Defendant. | SCHEDULING ORDER <br><br> 07 Civ. 5915 (SAS) <br> Conference Date: August 1, 2007. |

WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on July 10, 2007 (the "Order"); and

WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

(1) Conference: The conference in accordance with Fed. R. Civ. P. 16(b) will be held on August 1, 2007. Appearing on behalf of Plaintiffs will be Jennifer Moore and John North of Sutherland Asbill & Brennan LLP. Appearing on behalf of Defendant will be Thomas Parker of

AO 1734704.2

Alston & Bird LLP. Counsel met and conferred on July 24, and July 26, 2007 pursuant to Fed. R. Civ. P. 26(f).

(2) <u>Concise Statements of Case:</u>

<u>Teva's Concise Statement:</u>

This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and seeking a declaratory judgment and injunctive relief under 35 U.S.C. §§ 281-283. The issues as they now appear are:

(a) Teva alleges that Defendant Mylan Pharmaceuticals, Inc. ("Mylan") infringes or will infringe Teva Pharmaceutical Industries, Ltd. and Teva Pharmaceuticals USA, Inc.'s (collectively, "Teva's") U.S. Patent Nos. 6,699,997, 6,710,184, 7,056,942, and 7,126,008 (collectively, "the Patents-in-Suit").

(b) Teva alleges that Mylan willfully infringes or will willfully infringe the Patents-in-Suit;

(c) Teva alleges that the Patents-in-Suit retain their presumption of validity; and,

(d) Teva alleges that this is an "exceptional case" under 35 U.S.C. § 285.

<u>Mylan's Concise Statement</u>

Defendant denies the allegations of infringement, willful infringement, and will plead affirmative defenses of non-infringement, invalidity and unenforceability of the patents-in-suit, and counterclaim for non-infringement, invalidity and unenforceability.

(3) <u>Mylan's Answer</u>: By agreement of the parties, Mylan's time to answer the complaint is extended through and including August 22, 2007.

*September 21* [handwritten]

AO 1734704.2

2

(4) <u>Discovery Schedule</u>:

    (a) <u>Fact Depositions</u>:

        (i)     The parties agree that each side may take 20 fact depositions. The parties further agree that the duration of any fact deposition shall not exceed 7 hours unless extended by agreement of the parties.

        (ii)     Because fact discovery has yet to begin, Teva and Mylan are unable to determine the full scope of planned depositions. However, on the limited information to-date, the parties plan to depose fact witnesses, without limitation, as follows:

    <u>For Teva</u>:

    1. Teva intends to take the deposition of the Mylan representative(s) most knowledgeable of Mylan's Abbreviated New Drug Application ("ANDA") product No. 77-316 for Carvedilol ("the ANDA product");

    2. Teva intends to take the deposition of the Mylan representative(s) most knowledgeable of Mylan's decision to file its ANDA for Carvedilol in the United States;

    3. Teva intends to take the deposition of the Mylan representative(s) most knowledgeable of Mylan's decisions and plans to market, distribute, and sell its ANDA product in the United States;

    4. Teva intends to take the deposition of the Mylan representative(s) most knowledgeable of Mylan's development and manufacture of its ANDA product;

5. Teva intends to take the deposition of additional Mylan representatives who may be identified through the course of discovery and reserves the right to update and supplement this list as more information is obtained;

6. Because the defendant has not yet answered and the persons described in paragraphs 3(a)(1) – (5) have not been identified, Teva has not yet been able to determine a schedule of planned depositions.

For Mylan:

1. All of the inventors of the Patents-in-Suit as well as all attorneys and other individuals responsible for the prosecution of the patents-in-suit;

2. The Teva representative(s) most knowledgeable of Teva's decision to file this action;

3. The Teva representative(s) most knowledgeable regarding Teva's decision and plans to market, distribute, and sell its Carvedilol tablets in the United States;

4. The Teva representative(s) most knowledgeable regarding Teva's development and manufacture of its Carvedilol tablets;

5. Additional Teva representatives most knowledgeable of the commercial success of Teva's Carvedilol tablets, if any, and Teva's licensing of the patents-in-suit;

6. Additional Teva representatives who may be identified during the course of discovery;

7. Mylan reserves the right to update and supplement this list as more information is obtained.

(b) Interrogatories: The parties agree that each side may propound 50 interrogatories.

(c) <u>Production of Documents</u>: The parties agree to serve their initial requests for production of documents by September 5, 2007, or within 30 days of the date of this Scheduling Order, whichever is later. The parties further agree that production of the documents will begin within 45 days after service of the request for production of documents.

(d) <u>Claim Construction</u>: The parties request that claim construction be set for before the close of fact discovery and before the opening of expert discovery because the District Court's construction of the scope of the patent terms at issue often narrows the infringement and invalidity issues and sometimes is dispositive of these issues. The parties agree that claim construction will begin on March 3, 2008 through an exchange of disputed terms and proposed constructions. After conferring to see if the number of disputed terms can be narrowed, the parties agree to file Opening Claim Construction briefs on or before March 31, 2008. The parties agree to file Response briefs to the Opening Claim Construction briefs on April 14, 2008 (or two weeks after filing of the Opening Claim Construction briefs, whichever is later). The parties will appear thereafter for oral argument, should the Court determine that a hearing would assist it in resolving the issues in dispute.

(e) <u>Expert Reports</u>: The parties agree that the Expert Reports by experts for the party bearing the burden of proof will be served within 60 days after the Court's ruling on Claim Construction. The parties agree that rebuttal Expert Reports will be due 90 days after the Court's ruling on Claim Construction. The parties agree that Expert Discovery, including expert depositions, will close 120 days after the Court's ruling on Claim Construction.

(f) <u>Completion of Discovery</u>: The parties agree that fact discovery will close 45 days after the Court's ruling on Claim Construction.

AO 1734704.2

5

(g) <u>Pre-Trial Order Matters</u>: The parties agree that Plaintiff will supply its pretrial order matters to Defendant with 150 days after the Court's ruling on Claim Construction.

(h) <u>Pre-Trial Order</u>: The parties agree that 180 days after the Court's ruling on Claim Construction, but no less than 30 days before trial, the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial; and

(i) <u>Pre-Trial Conference</u>: The parties will hold a pre-trial conference pursuant to Fed. R. Civ. P. 16(d) on _within fourteen days of the ruling on Claim Construction_

(5) <u>Joinder of Other Parties and Amendment of Pleadings</u>: The parties agree that the pleadings may be amended without leave of the Court on or before February 3, 2008.

(6) <u>Protective Order</u>: The parties agree that a protective order governing the exchange of confidential information will be necessary in this case. The parties will file a stipulated protective order within 15 days of the date of this Scheduling Order.

(7) <u>Discovery Disputes</u>: The parties do not have any discovery disputes at this time.

(8) <u>Expert Testimony</u>: The parties agree that the field of Expert Testimony likely will focus on the alleged infringement of the Patents-in-Suit by Mylan and the alleged invalidity of the Patents-in-Suit.

(9) <u>Trial Length</u>: The parties anticipate that trial will last 5-10 trial days. _Likely a jury trial_

(10) <u>Amendment of this Scheduling Order</u>: The parties agree that the Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

AO 17347042

6

(11) <u>Counsel</u>:

For Teva: *[signature]*

Jennifer M. Moore
Sutherland Asbill & Brennan LLP
1114 Avenue of the Americas, 40th Floor
New York, New York 10036
212.389.5065
Fax: 212.389.5099

*[signature]*

John L. North
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Atlanta, GA 30309
404.853.8358
Fax: 404.853.8806

For Mylan: *[signature]*

Thomas J. Parker

*[signature]*

Natalie C. Clayton
Alston & Bird LLP
90 Park Avenue
New York, NY 10016
212-210-9400
Fax: 212-210-9444

So Ordered:

*[signature]*

Shira A. Scheindlin
U.S.D.J.

Dated: _August 1, 2007_

AO 1734704.2

7